become due and owing. The like privilege was denied the defendant, although thereupon, measurably, hinged the amount of his liability. This was error, for which the judgment should be reversed.

---

(30 Misc. Rep. 425.)

### BRACHFELD v. THIRD AVE. R. CO.

(Supreme Court, Appellate Term. February 8, 1900.)

STREET RAILROADS—INJURY—DAMAGES—PLEADING—TRIAL—INSTRUCTIONS—RE-
FUSAL.

> Where plaintiff in an action for injuries alleged that he was incapaci-
> tated from attending to his business, but set out no impairment of income,
> and evidence that he was compelled to employ a substitute in his business
> was admitted solely to prove his incapacity, it was error to refuse an in-
> struction that there could be no recovery for the plaintiff's expenses in the
> employment of a substitute, since such was not pleaded as an element of
> plaintiff's damages, and hence no recovery could be had therefor.

Appeal from city court of New York, general term.

Action by Max Brachfeld against the Third Avenue Railroad Com-
pany. From a judgment for plaintiff (60 N. Y. Supp. 988), defendant
appeals. Reversed.

Argued before FREEDMAN, P. J., and MacLEAN and LEVEN-
TRITT, JJ.

Leo J. Kersburg and Edgar M. Johnson, for appellant.

Joseph I. Green, for respondent.

LEVENTRITT, J. The plaintiff recovered judgment for injuries
sustained in a collision between his wagon and one of the defendant's
cars. In his complaint, beyond an allegation that he was "inca-
pacitated from attending to his business," he set out no impairment of
income, nor any allegation of expense incurred, except outlays for
drugs and medical treatment. On his direct examination he was
permitted to testify that he was compelled to employ a substitute
in his business as a result of the injuries sustained. The court, in
admitting the testimony, disposed of the objection urged against it
by stating that it was admitted merely for the purpose of showing his
incapacity. Were there nothing further in the case, the exception
taken by the defendant would be unavailing; for, although the em-
ployment of a substitute could not be made to support proof of dam-
age in the absence of a specific allegation (Gumb v. Railway Co., 114
N. Y. 411, 21 N. E. 993), it was here admissible as a fact corroborative
of the plaintiff's disability. But we are of the opinion that this
limitation was not preserved by the charge. In reciting the items for
which the plaintiff sought recovery the learned justice erroneously
stated that the plaintiff asked damage for being "compelled to hire
an assistant to aid him," and then, after having charged generally
that the plaintiff could recover for loss of earnings, refused to instruct
the jury, as requested by the defendant, that there could be no com-
pensation for the expense incurred in the employment of a substitute.
In view of what had preceded, we think this was error. The defend-
ant was entitled to have this element of damage surely eliminated.
The plaintiff had not pleaded it. It was, therefore, not a recoverable

subject of damage, and the reference to it in the evidence and in the charge might readily have led the jury to adopt it as a basis of speculative damage. The defendant had a right to demand protection against that contingency. It is easy to conceive that, after the court had stated that the plaintiff claimed damages for being compelled to employ a substitute, then refusing to charge that he could not recover the outlay in that regard, the jury was justified in including that item of expense in their verdict. We think that this error was prejudicial to the defendant, and that the judgment should, therefore, be reversed.

Judgment reversed, and a new trial ordered, with costs to the appellant to abide the event. All concur.